IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RALPH BIRDSONG, | : | |
| Petitioner, | : | CIVIL ACTION NO. 11-CV-4240 |
| v. | : | CAPITAL CASE |
| JOHN E. WETZEL, et al., | : | |
| Respondents. | : | |

**STIPULATION TO AMENDMENT OF RESPONDENTS' ANSWER
AND TO PETITIONER'S ENTITLEMENT TO SENTENCING RELIEF**

Petitioner Ralph Birdsong, through counsel, and Respondents, through their counsel the Philadelphia District Attorney's Office, respectfully stipulate to amendment of Respondents' Response to Petition for Writ of Habeas Corpus (Doc. 50) and to Petitioner's entitlement to sentencing relief based on Claim V of his Petition for a Writ of Habeas Corpus by a Prisoner in State Custody (Doc. 9), as follows:

**PURPOSE OF STIPULATION**

The parties agree that the terms of this Stipulation are in their respective interests. The purpose of this Stipulation is to reflect the parties' agreement that Mr. Birdsong should be granted relief from his death sentence, and it is anticipated that the Commonwealth will not seek to re-impose a death sentence upon the return of the case to the Pennsylvania courts. The parties do not intend this stipulation to alter their respective positions on Mr. Birdsong's claims that he is entitled to relief from his convictions.

1

## PROCEDURAL HISTORY

Petitioner Ralph Birdsong is a death-sentenced Pennsylvania prisoner seeking habeas corpus relief under 28 U.S.C. § 2254. The crimes for which Mr. Birdsong was prosecuted occurred on July 17, 1988, and his capital trial was held in the Philadelphia Court of Common Pleas in October, 1989. Mr. Birdsong was convicted and sentenced to death.

On November 9, 1994, the Pennsylvania Supreme Court affirmed his convictions and sentence on direct appeal. *Commonwealth v. Birdsong*, 650 A.2d 26 (Pa. 1994). The court subsequently denied his post-conviction challenges. *See Commonwealth v. Birdsong*, 24 A.3d 319 (Pa. 2011).

On April 27, 2012, Petitioner filed his Petition for Writ of Habeas Corpus in this Court, followed by a Memorandum of Law on May 15, 2013. Docs. 9, 25. In Claim V, Petitioner alleged that his trial counsel provided constitutionally ineffective assistance in failing to investigate, develop, and present available mitigating evidence at the capital sentencing phase of trial. Doc. 9 at 14-52, 67; Doc. 25 at 46-73.[1]

Respondents filed their Response on June 2, 2015. Doc. 50. As to Claim V, Respondents asserted that the claim was procedurally defaulted and not meritorious. *Id*. at 114-45.

## TERMS OF STIPULATION

The following constitute the terms of the parties' Stipulation:

1. This Court should vacate Petitioner's death sentence by conditionally granting the Petition for a Writ of Habeas Corpus by a Prisoner in State Custody (Doc. 9) as to Claim V, which alleged that trial counsel was ineffective for failing to investigate, develop, and present available mitigating evidence at the capital sentencing phase of trial.

---

[1] Pin cites to court documents refer to the page numbers printed on the submitted document, not necessarily to the page number provided by the Court's ECF system.

2. Pursuant to Fed. R. Civ. P. 15(b), Respondents may amend their Response with the opposing party's written consent, and Petitioner, through counsel, consents to such amendment as set forth herein.

3. Respondents hereby amend their Response to Petition for Writ of Habeas Corpus by withdrawing those portions pertaining to Claim V. *See* Doc. 50 at 114-45.

4. Respondents decline to assert, and affirmatively waive, any procedural default defenses to Claim V. Petitioner and Respondents agree that the standards of review under 28 U.S.C. § 2254 do not bar relief as to Claim V. *See* Doc. 25 at 63-73.

5. Petitioner and Respondents agree that trial counsel's mitigation investigation and presentation were constitutionally deficient because, inter alia, counsel failed to obtain and present available mitigation information from family members, lay witnesses, and professional witnesses; failed to obtain, review, and/or present available social history records; failed to timely and adequately consult with mental health experts; and failed to adequately consult with the client.

6. Petitioner and Respondents agree that trial counsel's deficient performance prejudiced Petitioner because the unpresented evidence of trauma, impairment, and childhood depravation was substantial and of a similar nature to the unpresented evidence upon which the United States Supreme Court has granted relief on similar post-conviction claims. A finding of prejudice is also appropriate in light of counsel's actual mitigation presentation at trial, which included no records or other material evidence and filled only nine pages of transcript—including testimony and closing argument.

7. The parties anticipate that, upon acceptance of this Stipulation, the Court will treat Petitioner's other claims regarding his death sentence as moot (Claims I, II, and VI) and proceed to consider Petitioner's remaining claims challenging his convictions only.

8. The parties further anticipate that the Court's conditional grant of the writ as to Petitioner's death sentence will form a part of its final order in these habeas proceedings.

9. A proposed order encompassing the terms of the Stipulation is attached for the Court's consideration.

**SO STIPULATED:**

/s/ Timothy Kane  
TIMOTHY KANE  
Federal Community Defender Office  
Eastern District of Pennsylvania  
Capital Habeas Corpus Unit  
The Curtis Center, Suite 545 W  
Philadelphia, PA 19106  

Counsel for Petitioner

/s/ Max Kaufman  
MAX KAUFMAN  
Chief, Federal Litigation Unit  
Philadelphia District Attorney's Office  
Three South Penn Square  
Philadelphia, PA 19107  

Counsel for Respondents

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____
:
RALPH BIRDSONG,                         :
:
           Petitioner,     :      CIVIL ACTION NO. 11-CV-4240
:
    v.                               :
:
JOHN E. WETZEL, et al.,                 :
:
           Respondents.   :
_____:

## ORDER

**AND NOW**, this _____ day of _____, 2019, upon consideration of Petitioner's Petition for a Writ of Habeas Corpus by a Prisoner in State Custody (Doc. 9), the parties' Stipulation (Doc. 99), and the full record in this case, it is **ORDERED** as follows:

1. The parties' Stipulation is **ACCEPTED** by the Court;

2. Petitioner's Petition for a Writ of Habeas Corpus is **GRANTED** as to Claim V. The Court finds that Petitioner was deprived of the effective assistance of counsel at the sentencing phase of trial, based on counsel's failure to investigate and present available mitigating evidence;

3. Because the writ is granted as to Claim V, Petitioner's other claims regarding his death sentence are moot and will not be further considered by the Court;

4. Upon completion of review of Petitioner's claims challenging his convictions, this Order will be incorporated into the Court's final order with respect to these habeas proceedings.

**IT IS SO ORDERED.**

                                                BY THE COURT:

                                                _____
                                                HON. JEFFREY L. SCHMEHL

**CERTIFICATE OF SERVICE**

I hereby certify that on this 12th day of August, 2019, I caused a true and correct copy of the foregoing Stipulation to be served by the Court's Electronic Case Filing system upon all counsel of record.


/s/ Timothy Kane
Timothy Kane